**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CALVIN WEAVER**,

                              Plaintiff,

        - v -                                                  Civ. No. 9:11-CV-1238
                                                                         (NAM/RFT)

**ERIC GUTWEIN**,

                              Defendant.
_____

**APPEARANCES:**                                **OF COUNSEL:**

**CALVIN WEAVER**
Plaintiff, *Pro Se*
555 South State St.
Syracuse, NY 13201

**HON. ERIC T. SCHNEIDERMAN**          **CHARLES J. QUACKENBUSH, ESQ.**
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Calvin Weaver brings this Complaint, pursuant to 42 U.S.C. § 1983, alleging that Defendant Eric Gutwein deprived him of his right to due process during a disciplinary hearing held when Plaintiff was incarcerated at Washington Correctional Facility.[1] *See generally* Dkt. No. 1, Compl. Now before this Court is Defendant's Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56. Dkt. No. 21. Plaintiff has not filed any opposition to

---

[1] Plaintiff initially raised additional claims against other Defendants, however, those claims and Defendants were dismissed by The Honorable Norman A. Mordue, Senior United States District Judge. *See* Dkt. No. 10, Mem.-Dec. & Order, dated Jan. 20, 2012.

Defendant's Motion. For the reasons that follow, we recommend that Defendant's Motion be **GRANTED.**

## I. STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary

judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

## II. DISCUSSION

### A. Summary of Facts

Except where noted, the following facts are taken from Defendant's Statement of Material Fact Pursuant to Local Rule 7.1(a)(3), and are undisputed.[2]

---

[2] Despite receiving two Notices detailing the consequences of failing to reply to Defendant's Motion for Summary Judgment, Plaintiff did not respond to Defendant's Motion. *See* Dkt. Nos. 21–26. Therefore, in accordance with Local Rule 7.1(a)(3), we accept as true all of the factual statements in Defendant's 7.1 Statement that are properly supported by the record. *See Van Loan v. Hartford Acc. & Indem. Co.*, 2006 WL 3782709, at *2–3 (N.D.N.Y. Dec. 22, 2006) (reaching a similar conclusion and citing cases to support that holding).

On January 9, 2009, while Plaintiff was an inmate at Washington Correctional Facility ("WCF"), a multi-inmate fight occurred. Dkt. No. 21-2, Def.'s Statement of Material Fact Pursuant to Local Rule 7.1(a)(3) (hereinafter "Def.'s 7.1 Statement"), at ¶¶ 1 & 2. That same day, an investigation was conducted and Plaintiff was issued a misbehavior report charging him with "Unreported Injury, Violent Conduct, and Fighting." *Id.* at ¶ 3.

Between January 16 and February 2, 2009, Defendant Correction Officer Gutwein presided over Plaintiff's Tier III Disciplinary Hearing. *Id.* at ¶ 6. Prior to the hearing Plaintiff was provided with a copy of the misbehavior report issued against him. *Id.* at ¶ 7. During the Hearing, Plaintiff was permitted to hear and pose questions, and to call witnesses; however, the only witness Plaintiff called refused to testify. *Id.* at ¶¶ 8 & 9. After hearing all of the evidence, Defendant Gutwein found Plaintiff guilty and imposed a sentence of eighteen (18) months confinement in a special housing unit ("SHU") with a corresponding loss of privileges, and a recommendation that Plaintiff lose the same amount of good time credits. *Id.* at ¶ 12. At the conclusion of the Hearing, Plaintiff was provided with a written statement describing the evidence considered by Defendant Gutwein and explaining the reasons for the disciplinary action taken. *Id.* at ¶ 13.

According to that statement, the evidence considered at the Hearing included, *inter alia*, the misbehavior report, testimony from Sergeant Kilburn, the officer who issued the misbehavior report, confidential testimony, a confidential memorandum submitted by D. Clark, Plaintiff's medical report, pictures, and Plaintiff's testimony. Dkt. No. 21-4, Charles J. Quackenbush Decl., dated Mar. 7, 2013, Ex. A at p. 000002, Superintendent Hr'g Disposition Form, dated Feb 2, 2009.

### B. Due Process

In sum and substance, Plaintiff claims that he was denied due process at the Disciplinary

Hearing because the evidence was insufficient to support the verdict and Defendant Gutwein was neither fair nor impartial. *See, e.g.,* Compl. at p. 16.[3][4] Defendant argues that the instant claim should be dismissed because it is without merit.[5] *See generally* Dkt. No. 21-1, Def.'s Mem. of L. Accordingly, we recommend that Defendant's Motion for Summary Judgment be **GRANTED** on this claim.

The Due Process Clause of the Fourteenth Amendment protects against restraints or conditions of confinement that "exceed[] the sentence in . . . an unexpected manner[.]" *Sandin v. Conner*, 515 U.S. 472, 484 (1995). To state a due process claim under § 1983, an inmate must first establish that he enjoys a protected liberty interest. *Arce v. Walker*, 139 F.3d 329, 333 (2d Cir. 1998) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). Inmates' liberty interests are derived from two sources: (1) the Due Process Clause of the Fourteenth Amendment; and (2) state statute or regulations. *Id*. With regard to liberty interests arising directly under the Due Process Clause, the Supreme Court has "narrowly circumscribed its scope to protect no more than the 'most basic liberty interests in prisoners[,]'" *Arce v. Walker*, 139 F.3d at 333 (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)), and limited to freedom from restraint that "exceed[] the sentence in . . . an unexpected manner[,]" *Sandin v. Conner*, 515 U.S. 472, 478 (1995).

---

[3] Plaintiff did not number the pages of his Complaint. Therefore, we refer to the page numbers automatically assigned to the Complaint by the Court's Electronic Case Filing system.

[4] As previously noted, Judge Mordue dismissed several claims and Defendants from this action during his initial review of the Complaint. Dkt. Nos. 10 & 12. Amongst the Claims dismissed were Plaintiff's challenge to the loss of any good time credits as well as any Eighth Amendment challenge to the conditions under which Plaintifff served his eighteen month sentence in SHU. Dkt. Nos. 10 & 12.

[5] As a second ground for dismissal, Defendant also raises the issue of exhaustion. However, as explained below, his claim is without merit. And therefore, we need not even reach the issue of exhaustion in the instant case. *Cf. Zhong v. U.S. Dep't of Justice*, 489 F.3d 126, 132–33 & n.9 (2d Cir. 2007) (noting that "[t]he PLRA's exhaustion requirement is a non-jurisdictional affirmative defense").

If a prisoner makes a threshold showing that he had a protected liberty interest, the court should determine whether that prisoner, prior to his confinement, was afforded the minimum requirements of due process. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Assuming that Plaintiff had a protected liberty interest in remaining free from SHU confinement, *see Palmer v. Richards*, 364 F.3d 60, 65 (2d Cir. 20004) (finding that disciplinary segregation lasting more than 305 days implicates a protected liberty interest even if served under "normal" SHU conditions because a term of that length is a "sufficient departure from the ordinary incidents of prison life") (quoting Colon v. Howard, 215 F.3d 227, 231 (2d Cir.2000)), his claim would still fail because it is clear that he was afforded all of the process that was due at his Disciplinary Hearing. A prisoner placed in disciplinary segregation must be provided (1) advanced written notice of the charges against them at least twenty-four hours prior to the Hearing; (2) the opportunity to appear at the Hearing, to call witnesses, and to present rebuttal evidence; and (3) written statement as to the evidence relied upon and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. at 564–66; *see also Freeman v. Rideout*, 808 F.2d 949, 953 (2d Cir. 1986); *Taylor v. Rodriguez*, 238 F.3d 188, 192 (2d Cir. 2001) (quoting *Hewitt v. Helms*, 459 U.S. at 476).

*1. Notice*

It is undisputed that on January 9, 2009, Plaintiff received a copy of the misbehavior report charging him with "Unreported Injury, Violent Conduct, and Fighting." Quackenbush Decl., Exs. A at pp. 000004–5, & B, Tier III Disciplinary Hr'g Tr. (hereinafter "Hr'g Tr."), dated Jan. 16 – Feb. 2, 2009, at p. 000003. Plaintiff's Disciplinary Hearing did not begin until January 16, 2009. *See* Hr'g Tr. at p. 000001. Thus, Plaintiff received written notice of the charges at least twenty-four hours prior to the Hearing. *Sira v. Morton*, 380 F.3d 57, 70 (2d Cir. 2004).

However, "due process requires more than a conclusory charge; an inmate must receive notice of at least some "specific facts" underlying the accusation. *Sira v. Morton*, 380 F.3d at 70 (quoting *Taylor v. Rodriguez,* 238 F.3d 188, 193 (2d Cir. 2001)). In the instant case, the notice provided to Plaintiff was quite specific, informing him that:

> Based on an investigation conducted by me, Sgt. J. Kilburn[,] I am charging you with [unreported injury, violent conduct, and fighting]. My findings are based on the fact that a multi-man fight took place in A-2 dorm and after that fight an upper body check was done of the entire dorm and you were found to have no visible injuries at that time. Then while a dorm frisk was being conducted in A-2 another fight started in the small T.V. room where you were being held waiting for your cube to be frisked. Then another upper body check was conducted of the entire dorm and at this time you were found to have injuries consistent with fighting. These injuries were then confirmed and documented by medical staff.

Quackenbush Decl., Ex. A at p. 000004, M. R., dated Jan, 9, 2009.

Thus, the information provided was more than sufficient to inform Plaintiff of what he was accused of, so that he could "'prepare a defense to those charges and not be made to explain away vague charges set out in a misbehavior report.'" *Sira v. Morton*, 380 F.3d at 70 (quoting *Taylor v. Rodriguez,* 238 F.3d at 192–93). Therefore, Plaintiff received timely and sufficient notice of the charges against him.

### 2. *Opportunity to Appear*

The record clearly establishes that Plaintiff was present at the Hearing, was able to question witnesses, and present rebuttal evidence. *See, e.g*., Hr'g Tr. at pp. 000008–11; *see also* Gutwein Decl. at ¶¶ 13 & 14. This remains true notwithstanding the facts that (1) one of the witnesses Plaintiff called, Mr. Johnson, refused to testify on Plaintiff's behalf, Hr'g Tr. at p. 000010, and (2) some of the evidence and testimony considered by Defendant Gutwein was deemed confidential, received off-the-record, and kept from Plaintiff, *id.* at pp. 000011–12.

To begin with, the fact that one of Plaintiff's witnesses refused to testify on his behalf does

not alter the fact that the was given the opportunity to call witnesses. *See Creech v. Schoellkoph,* 688 F. Supp. 2d 205, 213 (W.D.N.Y. 2010) (finding no due process violation where two witnesses called by inmate refused to testify); *see also Edmonson v. Coughlin*, 1996 WL 622626, at *8 (W.D.N.Y. Oct. 4, 1996) (citing *Wolff v. McDonnell,* 418 U.S. at 568–69 for the proposition that "*Wolff* specifically recognized the discretion of prison officials to decline to call as witnesses fellow inmates who do not wish to testify, or witnesses who know nothing of the underlying events"); *Jamison v. Fischer*, 2013 WL 5231457, at *3 (S.D.N.Y. July 11, 2013) (citing cases for the proposition that "if a requested witness refuses to testify at a disciplinary hearing, the hearing officer is not constitutionally required to compel the witness to testify."). Defendant Gutwein, presented Mr. Johnson's signed refusal form to Plaintiff at the Hearing and explained that Mr. Johnson declined to testify on his behalf. Hr'g Tr. at p. 000010. Likewise, "it is well settled that [a]n inmate does not possess a constitutional right to confront or cross-examine witnesses in prison disciplinary hearings." *Fernandez v. Callens*, 2010 WL 4320362, at *11 (W.D.N.Y. Oct. 29, 2010) (citing *Wolff v. McDonnell,* 418 U.S. at 567–68; *Kalwasinski v. Morse,* 201 F.3d 103, 109 (2d Cir. 1999); & *Silva v. Casey,* 992 F.2d 20, 22 (2d Cir. 1993)). Moreover, the use and admissibility of testimony gathered outside of the presence of the inmate is provided for under New York Regulations. N.Y. COMP. CODES R. & REGS. tit. 7, § 254.5(b) ("Any witness shall be allowed to testify at the hearing in the presence of the inmate unless the hearing officer determines that so doing will jeopardize institutional safety or correctional goals. Where an inmate is not permitted to have a witness present, such witness may be interviewed out of the presence of the inmate and such interview tape recorded. The recording of the witness' statement is to be made available to the inmate at the hearing unless the hearing officer determines that so doing would jeopardize institutional safety or correctional

goals.").

Thus, we can find no evidence of any constitutional deficiency in Plaintiff's opportunity to appear, call witnesses, or present rebuttal evidence. *See Wolff v. McDonnell*, 418 U.S. at 564-66.

### *3. Written Decision*

It is clear from the record that at 2:30 p.m. on February 2, 2009, Plaintiff received a written statement as to the evidence relied upon and the reasons for the disciplinary action that was taken. Quackenbush Decl., Ex. A at p. 000002, Hr'g Disposition Form, dated Feb. 2, 2009.

Therefore, under *Wolf v. McDonnell,* Plaintiff received all of the process due to him. 418 U.S. at 564-66.

### *4. Remaining Arguments*

Plaintiff also argues that Defendant Gutwein was not fair and impartial because he had prejudged Plaintiff's guilt. According to Plaintiff, he overheard Defendant Gutwein and an unidentified female corrections officer discussing how "he did not care if we did what we was accused of or not or if Plaintiff was 'not guilty'; he still was going to give him 18 months to teach . . . him a lesson." Compl. at p. 15. Defendant denies making any such statement. Gutwein Decl. at ¶ 14. While such a disagreement creates an issue of fact, in the instant case, whether or not such a discussion occurred is immaterial.

While an inmate is *not* entitled to a hearing officer with the same level of impartiality required by judges; he is entitled to a hearing untainted by arbitrary or pre-determined findings of guilt. *Francis v. Coughlin*, 891 F.2d 43, 46 (2d Cir. 1989). Nonetheless, a hearing officer's limited impartiality requirements are satisfied where the record contains "some evidence" to support the officer's findings. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). "Ascertaining whether this

standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached." *Id.* at 455-56 (citations omitted).

Here there is ample evidence in the record to support Defendant Gutwein's decision. The Hearing disposition form notes that in reaching his decision Defendant Gutwein relied, *inter alia*, on the testimony of multiple witnesses, the misbehavior report, photographs, and a medical report. *See* Hr'g Disposition Form; *see also* Hr'g Tr. at p. 000012. More specifically, Defendant Gutwein was convinced by "reports and testimony of security staff" that

> inmate Weaver was present during, and participated in at least one episode of the fighting. Among other things security staff observed that, after an initial bout of fighting, plaintiff was examined and found to have no injuries. After a subsequent bout he was examined again and found to have an injury to his lip which had not been present earlier in the day.

Dkt. No. 21-3, Eric Gutwein Decl., dated March 8, 2013, at ¶ 11.

Defendant Gutwein "also considered a statement given by another inmate to a DOCCS investigator, . . . [that] [t]he inmate heard plaintiff laughing and joking with another prisoner about his participation in the [multi-man fight] as a member of the 'Young Gunna' gang, fighting against members of the Latin King and MS13 gangs." *Id.* at ¶ 12. Thus, we find that Defendant Gutwein met, indeed exceeded, his limited responsibility to be impartial. *See Superintendent v. Hill*, 472 U.S. at 457 (finding sufficient evidence to satisfy the "some evidence" standard where "[a]lthough the evidence in this case might be characterized as meager, and there was no direct evidence identifying any one of three inmates as the assailant, the record is not so devoid of evidence that the findings

of the disciplinary board were without support or otherwise arbitrary"). [6]

For all of these reasons we recommend that Defendants' Motion for Summary Judgment be **GRANTED.**

### C. Qualified Immunity

Defendant asserts that he is entitled to qualified immunity. However, as we have found no constitutional violation, we need not, and do not, discuss qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion for Summary Judgment (Dkt. No. 21) be **GRANTED** and this action be **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing

---

[6] We are aware of Plaintiff's claims that (1) the injury to his lip was caused by dry skin, not fighting, and (2) that he had reported this injury to corrections officers prior to the fighting. *See* Compl. at p. 6. However, such issues are irrelevant to the instant claim. In adjudging whether a defendant has met their limited duty to be impartial we are not concerned with whether Plaintiff actually participated in the fighting that took place on January 9, 2009. Rather, we are only concerned with whether there was "some evidence" to support Defendant Gutwein's finding of guilt. As discussed above, we have found ample evidence from which a non-biased hearing officer could have concluded that Plaintiff was in fact guilty of the disciplinary infractions he was charged with.

*Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: January 17, 2014
       Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge